IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 24-cr-342 (RBW) |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| PAUL KOVACIK, | : | |
| | : | 18 U.S.C. § 3146(a)(2) |
| Defendant. | : | (Failure to Appear) |

## STATEMENT OF OFFENSE

Paul Kovacik, with the concurrence of the government's attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

1.      On June 19, 2022, the Federal Bureau of Investigation arrested Paul Kovacik in Rockport, Indiana on charges related to his actions at the United States Capitol on January 6, 2021. On March 13, 2023, Kovacik pled guilty to one count of violating 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). On June 21, 2023, Judge Reggie B. Walton of the United States District Court for the District of Columbia sentenced Kovacik to 90 days of imprisonment followed by three years of probation. Judge Walton permitted Kovacik to surrender for his sentence at the behest of the District of Columbia Probation Office.

2.      The Probation Office initially ordered Kovacik to report to the Bureau of Prisons Metropolitan Correctional Center (MCC) – Chicago on August 22, 2023. Thereafter, Kovacik filed a motion to delay his surrender to no earlier than November 1, 2023. Kovacik requested additional

time to allow him to complete his seasonal employment at Six Flags – Georgia and arrange travel to the designated confinement facility. Kovacik submitted a personal letter to Judge Walton with his motion where he requested a report date after Sunday, October 29th, 2023. On August 21, 2023, Judge Walton granted Kovacik's request.

3.      The Probation Office set Kovacik's new report date to the MCC – Chicago as November 1, 2023. The Probation Office emailed Kovacik a "*Notice of Designation and Date to Report*" letter on October 2, 2023, advising Kovacik of his updated November 1, 2023, surrender date.

4.      Kovacik did not self-surrender to the Bureau of Prisons at the MCC – Chicago on November 1, 2023, as ordered. Instead, on November 1, 2023, Kovacik fled to Dublin, Ireland, through Munich, Germany. Based on his failure to self-surrender, the United States District Court for the District of Columbia issued an arrest warrant for Kovacik on November 21, 2023. Following the issuance of the arrest warrant, the United States Marshal Service undertook efforts to track and arrest Kovacik.

5.      Immediately after Kovacik arrived in Dublin, Ireland on November 2, 2023, Kovacik claimed asylum and sought international protection with the Irish Government. To claim asylum, Kovacik completed official "International Protection at Port of Entry" paperwork with the

Irish Naturalization and Immigration Service's International Protection Office. Kovacik stated on official government forms that he came to Ireland "to claim asylum" And that he had left the United States because he "did not feel comfortable" and felt "unsafe."

6.    On March 11, 2024, Kovacik completed official Irish government documents for asylum with the Irish International Protection Office where Kovacik annotated that he wished to make an "Application for Declaration" for asylum and claimed, "[A] fear of persecution for reason of: political." Eventually, Kovacik decided to withdraw his asylum claim and return to the United States in June 2024.

7.    On June 19, 2024, Kovacik voluntarily returned to the United States from Ireland. United States Customs and Border Protection (CBP) confirmed an active warrant for Kovacik and coordinated a "Preclearance Alert Event" to execute the warrant upon Kovacik's arrival in the United States. CBP subsequently released Kovacik to travel to the United States via Minneapolis – St. Paul International Airport (MSP).

8.    CBP promptly arrested Kovacik after he disembarked his return flight from Ireland and transferred him to the Hennepin County Jail. Following a subsequent initial appearance and removal hearing in the District of Minnesota, the United States Marshal Service transported Kovacik to the MCC – Chicago to serve his previously imposed sentence.

### *Elements of the Offense*

9.    The parties agree that 18 USC **§ 3146(a)(2)** requires the following elements:

   a.  The defendant was convicted of an setnced in connected with federal criminal offenses in the District of Columbia;

3

    b.   The defendant was released pursuant to Chapter 207 of Title 18 United States Code – Release and Detention Pending Judicial Proceedings;

    c.   The defendant was required to surrender for service of a sentence;

    d.   The defendant failed to surrender as required;

    e.   The defendant knew that he was required to surrender and knowingly failed to do so.

### *Defendant's Acknowledgments*

10.    The defendant, Paul Kovacik, knowingly and voluntarily admits to the elements as set forth above. Specifically, Paul Kovacik admits that, having been convicted of a violation of Title 40, United States Code, Section 5104(e)(2)(G), he was required to surrender to the Bureau of Prisons by November 1, 2023, for service of a 90-day prison sentence pursuant to a court order. Kovacik knew of this requirement and willfully failed to comply by fleeing to Ireland to avoid serving his sentence.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

By:    */s/ Alexis Gardner*
        Alexis Gardner
        Assistant Federal Public Defender
        625 Indiana Avenue NW
        Suite 550
        Washington, D.C. 20004
        (202) 208-7500
        Alexis_gardner@fd.org

## DEFENDANT'S ACKNOWLEDGMENT

I, Paul Kovacik, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: ___10/17/24___    _____
Paul Kovacik
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: ___10/17/24___    _____
Alexis Gardner
Attorney for Defendant